UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                      v.

DARRYL TOLIVER,

                  Defendant.

**Hon. Hugh B. Scott**

04CR80A

**Order**

      Before the Court is defendant's motion seeking leave to submit an affidavit (Court Ex. 1) for a witness in a pending suppression hearing (on the materials seized from defendant's vehicle during his April 26, 2004, arrest) rather than producing that witness for the hearing (Docket No. 36, see Docket No. 35). The particular suppression hearing was continued to May 27, 2005, when defendant proposed to produce the affidavit of Valentino Lanier instead of live testimony. Defendant testified at the May 27, 2005, suppression hearing, stating that Lanier was in defendant's car in the fall of 2003 when defendant was stopped by the police for a third time and his vehicle searched. Defendant was stopped in his vehicle (and the vehicle was searched) again on April 26, 2004, when he was arrested. He testified that he has not had contact with Lanier since defendant's arrest (because Lanier had been locked up) and had not seen the Lanier affidavit at issue here. On cross-examination, defendant testified that Lanier may have been released from a state felony conviction. The hearing remained open pending determination of this admissibility issue.

Defendant argues that the Lanier affidavit is admissible as hearsay, since suppression hearings are not governed by the strict rules of evidence and the Government has the ability to rebut the credibility of the affidavit by offering evidence of Lanier's veracity. (Docket No. 36.) On May 27, defendant argued that he had difficulties locating Lanier, or even confirming that he was released from state custody. The Court reviewed the affidavit, and it is consistent with defendant's testimony regarding the third traffic stop in 2003. The Government contends that it would lose its ability to cross examine Lanier if his affidavit were admitted (Docket No. 39). If admitted, the Government argues that the affidavit is less probative in identifying the two agents who stopped defendant's car in 2003 (id. at 5-7, citing Fed. R. Evid. 403).

Preliminary questions of admissibility of evidence is governed by the Court's discretion and not the strictures of the Federal Rules of Evidence. Fed. R. Evid. 104(a), (b), 1101. The Court thus may consider an affidavit instead of live testimony. See United States v. Ochs, 461 F. Supp. 1, 7 (S.D.N.Y. 1978), aff'd, 636 F.2d 1205 (2d Cir.), cert. denied, 451 U.S. 1016 (1979). In United States v. Lee, 541 F.2d 1145, 1146 (5th Cir. 1976) (per curiam), the Fifth Circuit held that the district court erred in excluding the hearsay testimony of one agent in a suppression hearing. But here, what is being considered is one testimonial form (an affidavit) over another (live testimony). The preference is for live testimony, in which the parties can examine or cross-examine the witness and the Court can determine credibility through their statements and demeanor while on the witness stand. Cf. Fed. R. Evid. 804(a)(5) (hearsay exception for unavailable witness that proponent was unable to procure by reasonable means).

Therefore, defendant's motion for leave to file the affidavit in lieu of live testimony from Mr. Lanier (Docket No. 36) is **denied**. The continuation of the suppression hearing is scheduled

for **August 12, 2005, at 2 pm**, to allow defendant to call Lanier as a witness.  As stated on

May 27, 2005, the Government is not ordered to create a photo array for Lanier's review.

    So Ordered.

                                                                                        s/HBS
                                                         Hon. Hugh B. Scott
                                          United States Magistrate Judge

Dated: Buffalo, New York
       July 21, 2005